IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

S.C.M.,

                          Petitioner,

    v.

KLINT TREVINO,

                          Respondent.

OPINION and ORDER

24-cv-611-jdp

---

      S.C.M.,[1] proceeding without counsel, is incarcerated at Oshkosh Correctional Institution. He seeks a writ of habeas corpus under 28 U.S.C. § 2254, challenging a 2004 Trempealeau County Circuit Court order placing him in the state's serious juvenile offender program.

      The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 requires the court to examine the petition and supporting exhibits and dismiss a petition if it "plainly appears" that petitioner is not entitled to relief. *See also* 28 U.S.C. § 2243 (habeas court must award writ or order respondent to show cause why writ should not be granted, unless application makes it clear that petitioner is not entitled to relief). I will deny the petition because this court cannot consider the validity of a sentence that has expired.

---

[1] Although S.C.M. is now an adult, he identifies himself by his initials because he seeks to challenge a decision in a juvenile-court case that is sealed from the public. I will refer to him by his initials in this opinion.

ANALYSIS

S.C.M. is currently incarcerated at Oshkosh Correctional Institution for convictions in Marathon County Circuit Court for child enticement and use of a computer to facilitate a child sex crime. *See* Marathon County Case No. 2013CF815. But S.C.M. is not challenging his current incarceration. Instead, he challenges a 2004 order placing him in the state's serious juvenile offender program.

This court cannot vacate the 2004 juvenile-court order. Congress has authorized federal courts to entertain petitions for a writ of habeas corpus only when the individual seeking the writ is "in custody." 28 U.S.C. §§ 2241(c) and 2254(a). From Wisconsin state-court records and S.C.M.'s similar previous habeas petition in this court, I am aware that he is no longer serving a juvenile-court sentence. *See S.C.M. v. Trevino*, No. 23-cv-558-jdp, 2023 WL 7353215, (W.D. Wis. Oct. 17, 2023).

The United States Supreme Court has held that a petitioner is not "in custody" for purposes of federal habeas corpus review once the challenged sentence has fully expired. *Maleng v. Cook*, 490 U.S. 488, 492 (1989). S.C.M. states that his "adult sentence in 2015 was exacerbated by this irregular juvenile matter." Dkt. 1, at 4. But a prisoner cannot challenge a current sentence on the ground that it was enhanced based on a previous sentence that has expired. *Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 396–97 (2001). The only explicit exception to this rule is when a defendant was not appointed counsel under *Gideon v. Wainwright*, 372 U.S. 335 (1963), in the original criminal case. *Id.* at 404. Nothing in S.C.M.'s habeas petition suggests that this exception should apply. Therefore I must dismiss his habeas petition.

2

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Because I find that no reasonable jurist would debate the outcome here, I will not issue S.C.M. a certificate of appealability. He may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

## ORDER

IT IS ORDERED that:

1. Petitioner S.C.M.'s petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED.

2. Petitioner is DENIED a certificate of appealability. He may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Entered November 21, 2024.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge